# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Dawn E. Wise, | ) |
| Plaintiff, | ) C/A No.: 3:17-cv-01354-MBS ) ) |
| v. | ) **ORDER AND OPINION** ) |
| INVISTA s.à.r.l., | ) ) |
| Defendant. | ) ) ) |

Plaintiff Dawn E. Wise ("Plaintiff") brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000(e) *et seq.*; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, alleging gender discrimination and age discrimination against Defendant INVISTA s.à.r.l. ("Defendant").[1] ECF No. 5. Plaintiff also asserts a state law claim for defamation. *Id.* In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III.

## FACTS AND PROCEDURAL HOSTORY

Plaintiff, who is a fifty-four year old female, was hired by Defendant as a procurement manager on February 13, 2006. ECF No. 5 at ¶ 6–7. For several years during Plaintiff's employment, Andrew Cunningham, Director of Procurement, was the Business Procurement Leader of Performance over a division Plaintiff reported to. *Id.* at ¶ 8. Plaintiff received at least one negative performance review during the time that she reported to that division. *Id.* ¶ 9. In

---

[1] Defendant notes in a footnote that the correct name for Defendant is INVISTA S.à.r.l. ECF No. 6 at n. 1.

2013, due to reorganization of divisions, Plaintiff no longer reported to the division Cunningham led. *Id.* ¶ 10. It was during that time that Plaintiff's performance reviews improved. *Id.*

In December 2015, Cunningham returned to supervision as the Business Procurement Leader of Performance Solutions for Defendant. *Id.* ¶ 11. Upon his return, Cunningham changed the roles, responsibilities, and expectations for Plaintiff's position, despite not being Plaintiff's direct supervisor. *Id.* ¶ 12. On or around the day of Cunningham's return, Plaintiff's supervisor, Brendan Duffy, gave Plaintiff a performance evaluation placing Plaintiff on a performance improvement plan. *Id.* ¶ 13. Plaintiff informed Duffy that she did not agree with the performance evaluation. *Id.* Plaintiff also informed the Plant Manager, Juan Flores, and Human Resources Manager, Billy Buchanan, that she felt her performance evaluation was inaccurate. *Id.* ¶ 14–15. Cunningham, Duffy, and Buchanan later informed Plaintiff that she would be placed on a development plan instead of a performance improvement plan. *Id.* ¶ 16.

During the time Plaintiff was on the development plan, she alleges that she was expected to perform additional duties and perform jobs that were previously performed by employees who had left INVISTA. *Id.* at ¶ 17. According to Plaintiff, younger male employees were not asked to take on additional roles and responsibilities for their positions. *Id.* ¶ 18. Furthermore, no younger male employees were placed on development plans when the roles and responsibilities for their positions were altered. *Id.*

Plaintiff was informed in late September 2016 that she would be terminated from her position effective November 4, 2016, and that she would be able to apply for other positions within Koch Industries.[2] *Id.* at ¶ 20. In November 2016, plaintiff applied for a position as a materials

---

[2] Plaintiff has not identified the relationship, if any, between Koch Industries and Defendant.

manager within Koch Industries, but was not offered the position. *Id*. at ¶ 29.  Plaintiff believes she was qualified for the position, but that a lesser qualified, younger male was hired instead. *Id.*

Plaintiff alleges that prior to, and after, the end of Plaintiff's employment with Defendant, Defendant's employees and representatives accused Plaintiff of failing to meet new and additional roles and responsibilities for the procurement manager position. *Id.* at ¶ 19.  According to Plaintiff, those allegations were made to Plaintiff's former co-workers, employees, and members of the general public. *Id.*  She believes the statements were known to be false, and were maliciously published by Defendant. *Id*. at ¶ 35.

On April 20, 2017, Plaintiff filed suit in the Court of Common Pleas in Kershaw County, South Carolina.  Defendant removed the case to this court on May 21, 2017. ECF No. 1.  Plaintiff filed an amended complaint on May 26, 2017.[3]  ECF No. 5.  On May 31, 2017, Defendant filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 6, to which Plaintiff filed a Response in Opposition on June 13, 2017. ECF No. 7.  Defendant filed a reply on June 20, 2017.  ECF No. 9.

On August 31, 2017, the Magistrate Judge prepared a Report and Recommendation ("Report") and recommended that Defendant's Motion to Dismiss be granted in part and denied in part. ECF No. 11.  Defendant filed a partial objection to the Report on September 14, 2017, ECF No. 12, to which Plaintiff filed her reply on September 28, 2017. ECF No. 13.

**LEGAL STANDARDS**

**A.     Motion to Dismiss**

Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 6. A Rule12 (b)(6) motion to dismiss for failure to state a claim upon which relief can be granted

---

[3] Plaintiff amended her complaint to properly identify Defendant.

tests the legal sufficiency of a complaint. *Schatz v. Rosenberg*, 943 F.2d 455, 489 (4th Cir. 1991). While the complaint need not be minutely detailed, it must provide enough factual details to put the opposing party on fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In order to withstand a motion to dismiss, a complaint must contain factual content that allows the court to reasonably infer the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009). "Facts that are 'merely consistent with' liability do not establish a plausible claim to relief." *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Ashcroft*, 556 U.S. at 678). The court must accept the allegations in the complaint as true, and all reasonable factual inferences must be drawn in favor of the party opposing the motion. *Id.* at 679. If the court determines that those factual allegations can "plausibly give rise to an entitlement to relief," dismissal is not warranted. *Id.* To determine plausibility, a court is to "draw on its judicial experience and common sense." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

**B.     Magistrate Judge Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life*

*& Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

### A. Gender and Age Discrimination

Defendant argues that Plaintiff's Amended Complaint fails to state a claim of gender or age discrimination because Plaintiff offers no factual allegations to support her conclusory assertions that she was discriminated against. ECF No. 6 at 4. Therefore, Defendant contends, Plaintiff's claims should be dismissed. *Id.* In her Memorandum in Opposition to Defendant's Motion to Dismiss, Plaintiff asserts that her complaint alleges enough facts that, if taken as true, state a plausible claim for which relief can be granted. ECF No. 7 at 4.

Title VII and the ADEA make it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, condition, or privileges of employment, because of such individual's [sex or age]." 42 U.S.C. § 2000e-2(a)(1); 29 U.S.C. § 623(a)(1). While a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, *see Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510–15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). The elements for a prima facie case in an age discrimination case are identical to those used in a gender discrimination case. *Jaudon v. Exec. Dir.*, No. 05-3050, 2007 WL 1239248, at *4 (D.S.C. Apr. 27, 2007). To state a plausible claim of gender or age discrimination, Plaintiff must allege sufficient

5

facts from which one could reasonably infer that the following prima facie elements are shown: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) that similarly-situated employees outside the protected class received more favorable treatment. *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004).

As the Magistrate Judge noted, Plaintiff is a fifty-four year old woman and therefore falls within a protected class. ECF No. 11 at 5. Plaintiff was employed with Defendant for approximately ten years and showed improvement on her performance reviews during that time. *Id*. The Magistrate Judge concluded that these facts were sufficient to allege with plausibility that she was meeting her employer's legitimate expectations. *Id.* The court agrees. The Magistrate Judge further noted that Plaintiff was allegedly terminated from employment for failure to meet the new and additional roles and responsibilities given to her after other employees left while younger male employees allegedly were not given additional responsibilities. *Id*. The Magistrate Judge characterized these factual allegations as "sparse." *Id*. He went on to say that the "allegations with respect to the adverse employment actions taken against Plaintiff as well as the way other employees outside the protected class were treated [were] thin." *Id.* Nevertheless, the Magistrate Judge concluded that Plaintiff's facts are "just enough to move past 'formulaic recitation of the elements' into the realm of plausibility," and thus recommended that Defendant's motion to dismiss Plaintiff's gender and age discrimination claims be denied. *Id.*

The court agrees with the Magistrate Judge's assessment of the sparse nature of Plaintiff's allegations. The court concludes that the Magistrate Judge has properly applied the applicable law. Therefore, the court adopts the Magistrate Judge's recommendation denying Defendant's motion to dismiss with regard to the gender and age discrimination claims.

**B.     Defamation**

Defendant also argues that Plaintiff has not sufficiently pleaded her cause of action for defamation, and, therefore, her claim for defamation should be dismissed. ECF No. 6 at 9. Plaintiff asserts that she has made a showing of defamation *per se.* ECF No. 7 at 10. The Magistrate Judge recommends that Defendant's motion to dismiss be granted as to Plaintiff's defamation cause of action. ECF No. 11 at 7.

To prove defamation in South Carolina, Plaintiff must allege facts sufficient to meet the following elements: "(1) a false and defamatory statement was made; (2) the unprivileged publication of the statement to a third party; (3) the publisher was at fault; and (4) either the statement was actionable irrespective of harm or the publication of the statement caused special harm." *Williams v. Lancaster Cty. Sch. Dist.*, 631 S.E.2d 286, 292 (S.C. Ct. App. 2006) (citing *Fleming v. Rose*, 567 S.E.2d 857, 860 (S.C. 2002)).

As the Magistrate Judge noted, Plaintiff's allegations are that Defendant's employees and representatives accused Plaintiff of failing to meet new and additional roles and responsibilities for the procurement manager position, which they knew or should have known were baseless in fact, false, and in reckless disregard for the truth. ECF No. 5 at ¶ 32–38. She alleges that those accusations were maliciously published to her former co-workers, employees, and members of the general public. *Id.* Lastly, Plaintiff alleges that the statements are defamatory per se because they accuse Plaintiff of engaging in misconduct as well as incompetence in her profession. *Id.* However, the Magistrate Judge properly stated that "without more detailed allegations regarding who made the statements, to whom they were made, and the context in which they were made, Plaintiff has failed to state with plausibility the cause of action for defamation." ECF No. 11 at 7.

Additionally, Plaintiff did not file an objection to this portion of the Report. The court has conducted a thorough review of the issues and concludes that the Magistrate Judge has properly applied the applicable law. Finding no clear error, the court adopts the Magistrate Judge's findings with regard to the defamation cause of action. *Diamond*, 416 F.3d at 315 (4th Cir. 2005).

## CONCLUSION

The court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. Therefore, Defendant's motion to dismiss Plaintiff's gender and age discrimination claims is **DENIED**. Defendant's motion to dismiss Plaintiff's defamation claim is **GRANTED**. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter is recommitted to the Magistrate Judge for pretrial proceedings.

**IT IS SO ORDERED.**

    /s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
January 23, 2018